MARÍA DEL PILAR CASALDUC, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1212. Submitted May 27, 1947.—Decided July 16, 1947.

G. *Zeno Sama* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

Upon presenting for record in the Registry of Property of Utuado deed of sale No. 26, executed on March 13, 1947, in said city before Notary Gustavo Zeno Sama by Doña Asunción María del Pilar Rosselló Casalduc, in favor of Doña María del Pilar Casalduc Rosselló, the registrar returned it with the following note:

"This document is hereby returned to the applicant without making any entry because this registrar believes that the value given to the property mentioned therein is inadequate and therefore the

stamps attached to pay the corresponding schedule fees are insufficient according to the estimated value of the property. The applicant refused to present the property-tax receipts in order to compute the fees according to the official assessment of said property.''

Feeling aggrieved, Doña María del Pilar Casalduc brought this administrative appeal.

By virtue of the aforesaid deed the appellant purchased a lot of two hundred forty square meters designated in said deed by letter ''A''; a one-fifth interest in a property of a little over one acre (50 ares and 80 centiares) described in said deed under letter ''B''; and another one-fifth interest in a parcel of land of 949 square meters which is described in the deed under letter ''C''. The conveyance of the above property was made for the following amounts: $240 for the property described under letter ''A''; $100 for the interest in the property described under letter ''B''; and $300 for the interest in the property appearing under letter ''C''. The deed was presented in the registry for recordation and the amount of $4.50 in internal revenue stamps was attached as per schedule.

The registrar rests his note on § 24 of the Act assigning salaries to the registrars of properties and for other purposes approved March 10, 1904 (Laws of 1904, p. 154), as amended by Act No. 39 of April 23, 1928 (Laws of 1928, p. 232), which provides as follows:

''Section 24. The amount of the fees which the schedule of fees prescribes for the different services shall be paid in internal revenue stamps, as herein prescribed, on the presentation of any document to be recorded or entered in the registry, or when any certificate is solicited, and the registrar shall fix and cancel all stamps paid for services rendered, and he shall return, uncancelled, to the interested party any stamps which it may not be necessary to use. *If, at the time of effecting the operation in the registry, the registrar should need more stamps than those deposited by the interested party, the registrar shall require such party to deposit the difference, and if the latter should not make the deposit within the time that*

*the entry of presentation is in force, the registrar shall suspend the record or entry by means of a note on the margin of the entry of presentation, in which he shall state his reasons.* This note shall be in effect for one hundred and twenty days and from it an appeal may be taken to the Supreme Court following the procedure established in the Act to provide for appeals against the decisions of registrars of property, approved March 1, 1902. If the note is reversed, the registrar shall proceed to record or enter the document, and in case it is affirmed, the interested party, in order to obtain the record or entry, shall have to deposit in stamps the difference required by the registrar." (Italics ours.)

The respondent also argues that, in his opinion, the value given to the property conveyed "between relatives" is "very inadequate" and that in order to enforce Act No. 303 of April 12, 1946 (Laws of 1946, p. 782), which levies taxes on inheritance and gifts, he is entitled to require appellant to present the property-tax receipts in order to compute the fees according to the official assessment made on the property conveyed.

We find nothing in the above-mentioned Acts, nor in the Mortgage Law or its Regulation, to warrant the action of the registrar. The only case where the registrar is justified to require the official assessed valuation in order to collect the corresponding schedule fees is that provided by subdivision 12 of § 22 of the same Act assigning salaries to the registrars of property, as amended by Act No. 102 of May 12, 1943 (Laws of 1943, p. 292), which provides that "if the value of each estate or right is not stated on the title, fees shall be charged on the official assessed valuation thereof."

 Section 24, *supra,* is applicable when the amount deposited in stamps on the presentation of any document is not sufficient to effect the operation by the registrar, who may then require the interested party to deposit the difference. However, this Section does not authorize the registrar to refuse recordation on the ground that in his opinion "the estimated value" of the property conveyed is greater than the one stated in the deed.

Act No. 303 of 1946, *supra,* does not grant the registrar any authority to refuse recordation on said ground or even because payment of the tax on gifts *inter vivos* provided by that Act has not been established, as we decided on May 23, 1947, in *Estévez* v. *Registrar, ante,* p. 337. On the other hand, it does not appear affirmatively from the deed in this case that the parties were relatives and even if the registrar should be certain of this fact or that the property conveyed has a certain value, he cannot base his action on such personal knowledge.[1]

*Board of National Missions, etc.* v. *Registrar,* 53 P.R.R. 623, which is the only case cited by respondent in support of his note, is clearly inapplicable to the facts herein.

The note must be reversed.

---

[1] *Land Authority* v. *Registrar,* 62 P.R.R. 483.